IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PATRICIA A. SIMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-70-SLR |
| | ) |
| WARDEN RYAN, COMMISSIONER STANLEY TAYLOR, CMS, and BAYLOR MEDICAL STAFF, | ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 17th day of April, 2007, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the claims against defendants Warden Ryan, Commissioner Stanley Taylor, and Baylor Medical Staff are dismissed, without prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background**. Plaintiff Patricia A. Simpson, an inmate at the Delores J. Baylor Women's Correctional Institution ("BWCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.I. 2) She appears pro se and has been granted leave to proceed in forma pauperis. Plaintiff alleges defendants were deliberately indifferent to her serious medical needs. Plaintiff also filed a motion for appointment of counsel. (D.I. 3)

2. **Standard of Review**. When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks

redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

4. **Discussion**. Plaintiff alleges that she developed a staff infection and presented to the medical department for treatment, but was told to submit medical slips. Plaintiff alleges she submitted the slips, yet was not seen until she "raise[d] holy heck" after a long period of suffering. Named as defendants are CMS, Baylor Medical Staff, Warden Ryan ("Warden Ryan"), and former Department of Correction Commissioner Stanley Taylor ("Commissioner Taylor").

5. **Personal Involvement/Respondeat Superior**. A civil rights complaint must

-2-

state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir. 1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived her of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Finally, Fed. R. Civ. P. 8(a) provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. The complaint contains no allegations directed towards Warden Ryan or Commissioner Taylor and, therefore, the court will dismiss the claims against them. Additionally, plaintiff refers to the Baylor Medical Staff, but does not list specific staff members as defendants. A civil rights complaint must identify the persons responsible for the alleged unconstitutional acts. Therefore, the court will dismiss it as a defendant. Plaintiff, however, will be allowed to amend her complaint to name Baylor Medical Staff members who allegedly violated plaintiff's constitutional rights.

6. It appears that plaintiff seeks to hold Warden Ryan and former Commissioner Taylor liable on the basis of their supervisory positions. Supervisory liability cannot be imposed under 1983 on a respondeat superior theory. See Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample

v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

7. There is nothing in the complaint to indicate that Warden Ryan or former Commissioner Taylor were the driving force behind the conduct described in plaintiff's allegations. More so, the complaint does not indicate that they were aware of plaintiff's allegations and remained "deliberately indifferent" to her plight. Sample v. Diecks, 885 F.2d at 1118. Therefore, the court will dismiss without prejudice the claims against Warden Ryan and Commissioner Taylor pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

8. **Conclusion**. Based upon the foregoing analysis, the claims against defendants Warden Ryan, former Commissioner Stanley W. Taylor, and the Baylor Medical Staff are dismissed, without prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A. Plaintiff is given leave to amend the complaint to name as defendants specific Baylor Medical Staff members. The amended complaint shall be filed within **thirty days** from the date of this order. If an amended complaint is not filed within the time allowed, then the case will proceed against defendant CMS and a service order will issue. Plaintiff's motion to appoint counsel (D.I. 3) is denied without prejudice with leave to refile following service of the complaint.

_____
UNITED STATES DISTRICT JUDGE