IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PATRICIA A. SIMPSON, )
)
    Plaintiff, )
)
v. ) Civ. No. 07-070-SLR
)
CMS, )
)
    Defendant. )

---

Patricia A. Simpson, pro se plaintiff, Wilmington, Delaware.

James Edward Drnec, Balick & Balick, LLC, Wilmington, Delaware. Counsel for CMS.

---

**MEMORANDUM OPINION**

Dated: June 12, 2008
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Patricia A. Simpson ("plaintiff"), a former inmate at the Delores J. Baylor Women's Correctional Institution ("BWCI"), New Castle, Delaware filed this civil rights complaint pursuant to 42 U.S.C. § 1983. (D.I. 2) Presently before the court is CMS' motion to dismiss. (D.I. 23) Plaintiff did not respond to the motion. For the reasons set forth below, the court will grant the motion to dismiss.

## II. BACKGROUND

Plaintiff alleges that she developed a staph infection and presented to the medical department for treatment, but was told to submit medical slips. Plaintiff alleges she submitted the slips, yet was not seen until she "raise[d] holy heck" after a long period of suffering. CMS moves for dismissal on the basis that plaintiff failed to exhaust her available administrative remedies as required by 42 U.S.C. § 1997e.

## III. STANDARD OF REVIEW

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the

'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because plaintiff proceeds pro se, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## IV. DISCUSSION

CMS argues that the case must be dismissed because plaintiff failed to exhaust her administrative remedies as is required by the Prison Litigation Reform Act ("PLRA"). The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or any other Federal law, by a prisoner confined in any jail, prison,

or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Because an inmate's failure to exhaust under PLRA is an affirmative defense, the inmate is not required to specially plead or demonstrate exhaustion in her complaint. Jones v. Bock, 549 U.S. 199 (2007). Failure to exhaust administrative remedies must be pled and proved by the defendant. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

Under § 1997e(a), "an inmate must exhaust [administrative remedies] irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). Under Woodford v. Ngo, 548 U.S. 81, 82 (2006), exhaustion means proper exhaustion, that is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to brining suit in federal court." Id. at 2384.

Plaintiff's complaint states that she did not present the facts in her complaint to the prison grievance because she "didn't know all procedures. I put in medical slips, and so forth - that's all can be done until?" (D.I. 2) CMS argues that plaintiff was aware of the grievance procedure as evidenced by her checking "yes" to the question in the complaint, "Is there a prisoner grievance procedure in this institution?" (Id.) Yet she did nothing. Additionally, it argues that inmates arriving at the BWCI undergo orientation which includes information on the BWCI grievance procedure, including medical grievances. (D.I. 23, exs. A, B) Plaintiff did not respond to the motion.

Despite her awareness of the grievance process, plaintiff took no steps to exhaust her administrative remedies. Instead she filed this lawsuit. While plaintiff is not required to specially plead or demonstrate exhaustion in her complaint, once the exhaustion issued was raised by CMS, she failed to explain her statement that she did not exhaust her administrative remedies. Because plaintiff did not exhaust her administrative remedies as is required under the PLRA, the court will grant CMS' motion to dismiss.

## V. CONCLUSION

Based upon the foregoing analysis, the court will grant CMS' motion to dismiss. An appropriate order will issue.